UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

         Plaintiff,         Case No. 18-cv-10670

v.

                                   Paul D. Borman
B&M ACQUISITIONS, LLC,        United States District Judge
ROSEMARY DEMYAN, and
THE UNITED STATES,

         Defendants,
_____/

OPINION AND ORDER
(1) GRANTING PLAINTIFF'S MOTION FOR AN ORDER
TOLLING THE REDEMPTION PERIOD
PENDING THE OUTCOME OF THIS ACTION (ECF NO. 6); and
(2) GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE
(ECF NO. 4) AND FOR ISSUANCE OF A SECOND SUMMONS (ECF NO. 11)

      This is a residential mortgage case involving the circumstance of a borrower who cured a default before the sheriff's sale of the mortgaged property occurred. The Plaintiff, Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar" or "Plaintiff"), the entity who holds the mortgage on the property, submits that the sheriff's sale of the property should not have occurred given the borrower's complete cure of the default before the sale and seeks to have the sheriff's sale set aside and title to the property returned to the borrower. Presently before the Court is Nationstar's motion

1

to toll the redemption period until the third party purchaser of the property, B&M Acquisitions, LLC ("B&M"), can be served with process of the Complaint. As Nationstar has been unsuccessful in its efforts to serve B&M, Nationstar seeks also to extend the summons and obtain an order permitting it to attempt service on B&M through alternate means. The motions are unopposed.

The Court held a hearing on the motions on March 21, 2018. For the reasons that follow, the Court GRANTS the motion to toll the redemption period and tolls the redemption period pending further Order of this Court, and GRANTS the motion for alternate service and to issue a second summons.

I.   FACTUAL BACKGROUND

This action concerns a residential mortgage foreclosure by advertisement sale that, according to the Plaintiff who holds the mortgage, occurred in error. (ECF No. 6, Pl.'s Mot. to Toll ¶ 1, PgID 166.) Plaintiff's Complaint asks this Court to: (1) void the Sheriff's sale and resultant Sheriff's Deed on Mortgage Sale because the mortgagor was not in default at the time of the sale, having cured the default by reinstating the mortgage and curing the default prior to the sale, and to rescind the foreclosure sale (Count III); (2) direct the Defendant Washtenaw County Sheriff to hold the funds submitted to it in the amount $256,151.53, pending a determination by this Court as to the proper distribution of surplus funds (Counts I and II). (ECF No.

1, Notice of Removal, Complaint PgID 16.)

On March 8, 2018, the Plaintiff and Defendants Washtenaw County and the Washtenaw County Sheriff's Department entered into a "Compliance Agreement and Stipulated Order of Dismissal of Defendants Washtenaw County and Washtenaw County Sheriff's Department, Only." (ECF No. 10, Compliance Agreement.) The Compliance Agreement explains that the successful purchaser at the sheriff's sale, B&M, obtained the property with a bid amount of $256,151.53, which "exceeded the mortgage debt and original bid amount by $27,000." (Compliance Agreement ¶¶ 3-5.) The Compliance Agreement provides that Washtenaw County and the Washtenaw County Sheriff's Department are in possession "of at least part of the purchase amount, specifically the surplus funds in the amount of $27,000." (Compliance Agreement ¶ 6.)

The Compliance Agreement further provides that Washtenaw County will cooperate with the Plaintiff in determining to whom the surplus funds belong and will abide by any Order of this Court regarding distribution of the funds that it holds. (Compliance Agreement ¶¶ 7-10.) Washtenaw County and the Washtenaw County Sheriff's Department have been dismissed from this case without prejudice. (*Id.*)

The Sheriff's sale took place on November 16, 2017, and Defendant B&M was the successful purchaser at the sale. (ECF No. 6, Pl.'s Mot. to Toll ¶ 4, PgID 166-67,

Ex. A, Sheriff's Deed.) Prior to the November 16, 2017, sheriff's sale, the mortgagor (Defendant Rosemarie Demyan)[1] requested a Reinstatement Quote, which was good through November 15, 2017. On November 15, 2017, the day before the foreclosure sale took place, the mortgagor, as was her contractual right pursuant to the Mortgage, reinstated the Mortgage Loan. (*Id.* ¶¶ 5-6, PgID 167, Ex. B, Jan. 11, 2018 Affidavit of Nationstar.) Nationstar submits that the circumstance of a borrower not being in default at the time of the foreclosure sale has been considered by Michigan courts as an irregularity in the foreclosure process that supports setting aside the foreclosure sale, that this sheriff's sale should not have occurred, and that no legal title was obtained as result of the foreclosure. (*Id.* ¶¶ 3, 7.)

Plaintiff originally filed this motion in state court, but the matter was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) by the United States, who was first served with the Summons and Complaint on February 13, 2018, on February 27, 2018. (ECF No. 1, Notice of Removal.)[2] The issue prompting the instant motion to

---

[1] Defendant Demyan has not appeared or answered in the case and Plaintiff has requested (ECF No. 13) and received (ECF No. 14) a clerk's entry of default against Demyan.

[2] On March 15, 2013, Plaintiff and Defendant United States entered a stipulated Order extending deadlines by which the United States would be required to respond in this action based upon the timing of Plaintiff's service on B&M. (ECF No. 12, Stipulation to Extend Deadlines).

4

toll is that the redemption period in this matter expires on May 16, 2018, after which the mortgagor loses all right, title, and interest in the property and bringing a claim to set aside the foreclosure sale becomes more difficult (if not impossible) for the mortgagor. (*Id.* ¶¶ 8-9.) While this date is still some time away, the removal by the United States and its request for extension of time to respond, along with the difficulties that Plaintiff has faced in serving B&M, the third-party purchaser at the foreclosure sale, have created the potential for the redemption period to expire before this matter is settled. (*Id.* ¶ 10.)

## II. ANALYSIS

### A. Plaintiff's Motion for TRO/To Toll the Redemption Period

Plaintiff presents its motion seeking to toll the redemption period as a motion for a temporary restraining order/preliminary injunction to preserve the status quo until the litigation is complete. (ECF No. 6, Mot. to Toll at 13, PgID 177.) A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Plaintiff bears the burden of demonstrating entitlement to preliminary injunctive relief and the burden is substantial. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief will only be granted where "the movant carries his or her burden of proving that

the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief, (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. These same factors are considered in evaluating whether to issue a temporary restraining order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

While it appears that Plaintiff would have a strong likelihood of success on the merits of its claims, and would be entitled to injunctive relief as discussed below, given that Plaintiff is moving for relief before the redemption period has expired, the Court may also grant the relief that Plaintiff seeks here, i.e. extension of the redemption period, as a simple matter of equity. *Powers v. Bank of America*, 63 F. Supp. 3d 747, 752 (E.D. Mich. 2014) (denying an injunction but granting an extension of the redemption period, noting that the court "may determine whether to extend the

[] redemption period as a matter of equity.").

In this case, the Plaintiff is seeking to set aside the foreclosure sale conceding that no default existed at the time of the foreclosure sale because the mortgagor had reinstated the mortgage before the sale occurred. The situation presented here, i.e. a concession by a mortgagee that no default occurred and seeking itself to set aside the foreclosure sale, has not often presented itself. However the language of the Michigan foreclosure statute, and Michigan case law obliquely addressing the issue, appear to quite clearly establish that a default is a prerequisite to a valid foreclosure sale under the statute.

Under the Michigan foreclosure statute, "[a] party may foreclose by advertisement if all of the following circumstances exist: . . . (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative." Mich. Comp. Laws § 600.3204(1)(a). Absent a default, the circumstances for a foreclosure by advertisement do not exist. The "obviousness" of the issue presented, i.e. absent default a foreclosure is invalid, results in a dearth of case law precisely on point, but Plaintiff does present persuasive authority clearly suggesting this conclusion. For example, in *Bowen v. Brogan*, 119 Mich. 218 (1899), the Michigan Supreme Court wrote:

> It is the claim of the plaintiffs that, at the time the mortgage was foreclosed, the interest and part of the principal had been paid, and

nothing was due upon it, so that the foreclosure proceeding was a void proceeding, and no title was obtained through it. The circuit judge found there was paid in July, 1873, upon this mortgage, $547.20. We think this finding was justified by competent and material testimony. If this amount was paid, it is evident there was nothing due upon the mortgage when it was foreclosed, and the right to foreclose it did not exist, and no legal title was obtained by the foreclosure.

119 Mich. at 219-20.

The Court concludes that the lack of a default presents an irregularity in the foreclosure process that warrants an equitable extension of the redemption period. "In order to extend the redemption period, the plaintiff must make 'a clear showing of fraud, or irregularity.'" *Powers*, 63 F. Supp. 3d at 752 (quoting *El-Seblani v. IndyMac Mortgage Services*, 510 F. App'x 425, 429 (6th Cir. 2013)). Additionally the irregularity "'must relate to the foreclosure procedure itself.'" *Id.* (quoting *El-Seblani*, 510 F. App'x at 429). Under Michigan's foreclosure statute, a default is a precondition to a valid foreclosure. A mortgagor, therefore, can establish "a clear showing of irregularity" if a bank forecloses on a mortgage not in default under the terms of the mortgage agreement. *Powers*, 63 F. Supp. 3d at 753. Likewise, a foreclosure sale that proceeds without an occurrence of default presents an irregularity – one that certainly warrants an extension of the redemption period.

Accordingly, the Court GRANTS the motion to toll the redemption period and the redemption period is tolled until further Order of this Court.

**B. Plaintiff's Motion for Alternate Service and for Issuance of a Second Summons**

Plaintiff has filed a motion for alternate service on the third party purchaser, Defendant B&M, asserting that service cannot reasonably be made as provided in Fed. R. Civ. P. 4(e). (ECF No. 4, Motion for Alternate Service ¶ 4.) In support, Plaintiff attaches the Affidavit of a process server attesting to the fact that service on B&M at the address of its resident agent, Mark Abbruzzese, has been attempted several times at 820 Starkweather, Plymouth, Michigan 48170. (*Id.* Ex. B, Feb. 23, 2018 Affidavit of Attempted Service.) Four times the process server spoke with a female who stated that the resident agent, Mark Abbruzzese, was not in. Twice the process server left his card with the female. (*Id.*) One additional time the process server attempted service and there was no answer at the door. (*Id.*)

Plaintiff requests that the Court order alternate service of the Summons and Complaint, pursuant to Fed. R. Civ. P. 4(e)(1) and Mich. Ct. R. 2.105, by (1) first class mail to B&M at the 820 Starkweather address; (2) tacking or firmly affixing to the door at B&M's 820 Starkweather address; and (3) by delivery to a person of suitable age to B&M at the 820 Starkweather address. (Mot. Alternate Service at 4, PgID 141.) The United States concurs in the motion for alternate service. (*Id.*)

Corporations and other unincorporated entities may be served pursuant to the state law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1)(A)

and 4(e)(1). Under Michigan law, service on a limited liability company can be made by serving a summons and a copy of the complaint "on an officer, director, trustee, agent or person in charge of an office . . . ." Mich. Ct. R. 2.105(E). Michigan law further provides that: "On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). Michigan Court Rules require that a request for alternate service be verified in a motion setting forth "sufficient facts" that service under Rule 2.105 cannot be made. Mich. Ct. R. 2.105(I)(2).

Plaintiff sets forth facts in its Motion, supported by a Verification of Attempted Service, establishing that several attempts to serve B&M through its resident agent as permitted by Michigan Court rule, at the address appearing in the LARA database as that of B&M's resident agent, i.e. the 820 Starkweather address, have been unsuccessful. This 820 Starkweather address is the address that appears on the Sheriff's Deed on Mortgage Sale, *see* Mot. Alt. Serv. PgID 155, and the address given by Mr. Abbruzzese, in the Affidavit of Purchaser, executed by Mr. Abbruzzese himself as B&M's "President." (Mot. Alt. Serv. Affidavit of Purchaser PgID 162.) All of this suggests strongly that the 820 Starkweather Address is a valid address for

providing notice to B&M and Plaintiff's suggested alternate means, i.e. first class mail, tacking to the door, and delivering to a person of suitable age at the 820 Starkweather address, are of the type routinely recognized as being "reasonably calculated" to give "actual notice" in such a circumstance. In an abundance of fairness, however, the Court will order that alternate service also be attempted at another address, 1060 Cherry St., Plymouth, MI 48170, which is an address for B&M listed on Plaintiff's Certificate of Service of his Motion for Second Summons. (ECF No. 11, Mot. Second Summons at 9, PgID 320.)[3]

Accordingly, it is Ordered that service by alternate means pursuant to Fed. R. Civ. P. 4(e)(1) and Mich. Ct. R. 2.105 on Defendant B&M is approved and it is Ordered that service of the Summons and Complaint, along with any pleadings or documents filed by the Plaintiff as of the date of mailing, and a copy of this Order for Alternate Service, be made by the following methods:

1) First class mail to B&M Acquisitions, LLC, 820 Starkweather, Plymouth, Michigan 48170 and 1060 Cherry Street, Plymouth, MI

---

[3] Plaintiff also requested that the Court issue a second Summons, given that the current summons, issued in state court, expired on April 2, 2018. (ECF No. 11, Motion for Second Summons ¶ 2.) At the hearing on these motions on March 21, 2018, counsel for Nationstar indicated his intention to seek this second summons directly from the clerk of the court, which the Court approved. If the second summons has not yet issued, it is hereby ORDERED that a second summons issue for an additional ninety (90) days from the date of its issuance.

48170;

2) Tacking or firmly affixing to the door at B&M Acquisitions, LLC, 820 Starkweather, Plymouth, Michigan 48170 and at 1060 Cherry Street, Plymouth, MI 48170; and

3) Delivering to B&M Acquisitions, LLC, B&M Acquisitions, LLC, 820 Starkweather, Plymouth, Michigan 48170 and 1060 Cherry Street, Plymouth, MI 48170, to a person who is of suitable age and discretion to receive process, with instructions to deliver it promptly to Mark Abbruzzese, resident agent of B&M Acquisitions, LLC.

### III. CONCLUSION

For the foregoing reasons the Court:

(1) **GRANTS** Nationstar's Motion to Toll the Redemption Period and **ORDERS** that the redemption period set forth in the November 16, 2017 Sheriff's Deed on Mortgage Sale, recorded on December 4, 2017 in Liber 5235, Page 325, Washtenaw County Records, relative to real property located in the Township of Lima, Washtenaw County, Michigan, and more fully described as follows:

> Unit No. 44, Island Hills Estates Condominium, according to the Master Deed thereof, as recorded in Liber 4166, Page 702 and amended by First Amendment to Master Deed recorded in Liber 4215, Page 594 and as amended by Second Amendment to Master Deed as recorded in Liber 4306, Page 383, Washtenaw County Records, designated as Washtenaw County Condominium Subdivision Plan No. 400, together with the rights

in general common elements and limited common elements, as set forth in said Master Deed and as described in Act 59 of the Public Acts of 1978, as amended.

More commonly known as 2777 Island Hills Dr. #44
Property Tax Parcel ID G-07-01-105-044
"Subject Property"

IS TOLLED until further Order of this Court; and

(2) **GRANTS** Nationstar's Motion for Alternate Service and Request for Second Summons and **ORDERS** that a Second Summons issue for a period of an additional ninety (90) days from the date of its issuance and further **ORDERS** Alternate Service in the manner set forth in this Opinion and Order.[4]

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2018

---

[4] In addition to the two motions resolved in this Opinion and Order, Plaintiff has also filed a "Motion to Set Aside Sheriff's Deed on Foreclosure Sale and Disburse Funds." (ECF No. 7.) That motion, as its title implies, seeks to set aside the sheriff's sale, restore title to the mortgagor, and disburse the surplus funds that were collected by the Washtenaw County sheriff at the foreclosure sale. That motion remains pending.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2018.

                                        s/Deborah Tofil
                                        Case Manager